IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PATSY L. ESPINOSA,            )
                              )
        Plaintiff,            )
                              )
v.                            )     Case No. CIV-16-302-RAW-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
        Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Patsy L. Espinosa (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 52 years old at the time of the ALJ's latest decision. Claimant obtained her GED. Claimant has worked in the past as a convenience store clerk. Claimant alleges an inability to work beginning March 17, 2013 due to limitations resulting from seizures, generalized osteoarthritis, degenerative disc disease, COPD, depression, and anxiety.

### Procedural History

On October 6, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on November 15, 2010. On appeal to this Court, the decision was reversed and remanded for further consideration.

On May 11, 2009, Claimant filed additional applications for benefits under both Title II and XVI and these applications were merged with the prior applications. On December 11, 2015, ALJ Lantz McClain conducted an administrative hearing in Tulsa, Oklahoma. On January 12, 2016, the ALJ issued an unfavorable decision. On May 13, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with

limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) relying upon the testimony of the vocational expert which did not provide substantial evidence to support the ALJ's decision; and (2) failing to properly evaluate Claimant's seizure disorder.

**Vocational Expert Testimony**

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizures, generalized osteoarthritis, degenerative disc disease, chronic obstructive pulmonary disease ("COPD") as a smoker, depression, and anxiety. (Tr. 922). The ALJ concluded that Claimant retained the RFC to perform medium work. In so doing, he found Claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently, could stand and/or walk at least six hours in an eight hour workday, and could sit for at least six hours in an eight hour workday. Claimant was found to be able to climb stairs, balance, stoop, kneel, crouch, or crawl no more than frequently. Claimant required seizure precautions, such as avoiding heights or open machinery. Claimant needed to avoid concentrated exposure to such things as dust or fumes in an office-like environment. Claimant was limited by the ALJ to simple, repetitive tasks, and was able to relate to supervisors and co-

5

workers only superficially, but could not work with the public. (Tr. 925).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of kitchen helper and hand packager, both of which were found to exist in sufficient numbers both regionally and nationally. (Tr. 933). As a result, the ALJ found Claimant was not disabled since March 17, 2013, the amended alleged onset date. (Tr. 934).

Claimant contends the ALJ improperly relied upon the testimony of the vocational expert such that his decision was not supported by substantial evidence. Specifically, the vocational expert identified the two representative jobs of hand packager and kitchen helper from the *Dictionary of Occupational Titles* ("*DOT*") . With regard to the job of hand packager – *DOT*# 920.687-134 and kitchen helper – *DOT* #318.687-010, this Court maintains its position from previous decisions that the clear language of the *DOT* requires an ability to handle detailed instructions. According to the *DOT*, the hand packager job requires a reasoning level of R2[2], which requires one to "[a]pply commonsense understanding to carry out detailed but uninvolved written instructions. Deal with problems involving a

---

[2] The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.).

6

few concrete variables in or from standardized situations." This exceeds the RFC limitation to "simple tasks" which would necessarily entail simple instructions and not detailed instructions which are required for all of these representative jobs. *See*, McKinnon v. Astrue, 2010 WL 3190621, at 5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, at 10 (N.D. Cal.). The responsibility to investigate any discrepancies between the vocational expert's testimony and the *DOT* lies squarely with the ALJ. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). It was error to fail to provide the required explanation for the deviation from the *DOT*.[3] On remand, the ALJ shall elicit an explanation from the vocational expert for the apparent deviation from the *DOT*.

**Consideration of the Seizure Listing**

Claimant also asserts the ALJ erred in his analysis at step three of her seizure condition. The listings implicated by Claimant's condition are 11.02 and 11.03 which provide:

---

[3] In an effort to address all of Claimant's arguments, this Court does reject the notion that the ALJ's restrictions in the RFC for seizure precautions and environmental limitations precludes the job of kitchen helper. Under Claimant's argument, any perceived hazard or environmental restriction would preclude employment because of the existence of Claimant's seizure condition. Claimant extends the RFC restrictions too far. The fact the job of kitchen helper might expose Claimant to knives or similar hazards does not translate into the type of hazard contemplated by the seizure precaution. Similarly, the inclusion of environmental restrictions from dust and fumes does not preclude employment in an environment which exposes Claimant to heat.

7

11.02 Epilepsy — convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment. With:

A. Daytime episodes (loss of consciousness and convulsive seizures) or

B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02

\* \* \*

11.03 Epilepsy — nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt. 404, subpt. P, app. 1, § 11.03

Claimant must satisfy all of these required elements for a Listing to be met. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant testified that she suffers from seizures once per month. (Tr. 40, 952). She now argues that she cannot know the frequency of the seizures because they occur at night in her sleep. The burden rests with Claimant to demonstrate the elements of the relevant listings and reliance upon what is not known is

insufficient to satisfy the requirements that Claimant suffer seizures more than once a month after treatment for a three month period. While the ALJ's discussion of these listings was admittedly sparse, he recognized the application of 11.02 and 11.03 and the fact Claimant did not meet the requirements of the listings. (Tr. 924). This recitation was sufficient to meet his obligation. The listings are not supported by the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case REMANDED for further proceedings**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 30th day of August, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE